

FILED

SEP - 6 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk* Division

| | |
|---|---|
| IN THE MATTER OF THE ISSUANCE OF A CRIMINAL COMPLAINT AND ARREST WARRANT RE:<br><br>AUSTIN MAYES | **UNDER SEAL**<br><br>Case No.: 2:23-mj 174 |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Task Force Officer Richard Stocks, of the United States Department of Justice, Drug Enforcement Administration (DEA), being duly sworn depose and state the following:

## EXPERIENCE AND TRAINING

1.      I am an investigative or law enforcement officer of the United States of America within the meaning of Section 2510(7) of Title 18, United States Code (USC), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2.      Your affiant has been employed as a Norfolk Police Officer since September 2002. Your affiant has been assigned to the Norfolk Police Department's Vice and Narcotics Division since February of 2007. Your affiant was assigned as a Task Force Officer (TFO) to the Norfolk Resident Office (NRO) of the Federal Bureau of Investigation (FBI) in Norfolk, Virginia, from September of 2010 to May of 2015.

3.      Your affiant is currently assigned as a Task Force Officer (TFO) to the Norfolk Resident Office (NRO) of the Drug Enforcement Administration (DEA) High Intensity Drug Trafficking Area (HIDTA). While assigned to the Norfolk Police

1

Department Recruit Academy, your affiant received eight hours of entry level law enforcement training regarding packaging, characteristics and manner of distribution of illegal narcotics. While assigned to the Second Patrol Division and Bicycle Patrol, your affiant affected numerous arrests regarding narcotics violations, becoming familiar with the packaging, characteristics, and manner of distribution of illegal street level narcotics.

4.      Your affiant has also been involved in numerous surveillance operations regarding the buying and selling of narcotics. In addition, your affiant has been involved in numerous search warrants as the affiant. Your affiant has also attended narcotics and interdiction training programs and attended the Top Gun School put on by the Commonwealth Attorney's Council. Your affiant has completed a yearlong Leadership Ladder class through the DEA.

5.      Your affiant has also obtained a Title 18 Special Deputation of Justice through the United States Marshals Service.  Since being deputized by listed Federal Agencies, your affiant has conducted several federal investigations that have led to the federal convictions of high-level illegal narcotics distributors. Those investigations have involved individuals residing in several states with the United States and Mexico. Your affiant received the High Intensity Drug Trafficking Area (HIDTA) 2021 award for Outstanding Investigative Effort and has received numerous awards given by the Norfolk Police Department and the United States Attorney's Office.

6.      I am familiar with the facts and circumstances of this investigation as a result of information received by me and summarized in reports I have reviewed.  I have compiled information derived from discussions with experienced law enforcement officers.

7.      This affidavit contains a probable cause statement to support the issuance of an arrest warrant for the violation alleged and does not contain all the information known to this affiant regarding the defendant. Based upon my experience and training, this affidavit is being made in support of a criminal complaint charging Austin MAYES with Possess with Intent to Distribute 50 grams of more of Methamphetamine (Actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

## STATEMENT OF FACTS

8.      In May 2023, the Drug Enforcement Administration (DEA) and the Norfolk Police Department (NPD) Vice and Narcotics Division seized approximately four (4) pounds of crystal methamphetamine from an individual hereafter referred to as Cooperating Witness (CW). A few days later, the DEA and Hampton Police Department executed a search warrant at a hotel room in Hampton, Virginia, where the CW was staying. A search of the hotel room yielded, additional crystal methamphetamine, counterfeit pills that contained methamphetamine, marijuana, a handgun, illegal mushrooms, and United States currency from the sale of illegal narcotics.  The CW ultimately proffered and plead guilty in the Norfolk Federal Court in the Eastern District of Virginia (EDVA).  During said proffer, the CW stated that his/her Source Of Supply for crystal methamphetamine is Austin MAYES, who is a retail level crystal methamphetamine distributor in Petersburg, Virginia.  The CW stated that he/she started purchasing crystal methamphetamine from MAYES in January 2022. The CW stated that he/she started purchasing approximately one (1) pound of methamphetamine, but graduated to purchasing five (5) pounds of crystal methamphetamine once a week, until the CW was arrested in May 2023.  The CW stated that the four (4) pounds of crystal

methamphetamine and the evidence from the search warrant at the Hampton, Virginia hotel that he/she was arrested with in May 2023 was supplied by MAYES. After the arrest of the CW, law enforcement conducted a cellular telephone extraction of the CW's cellular telephone. The cellular telephone extraction revealed communication between the CW and cellular telephone number 804-393-XXXX, that is consistent with individuals communicating about the purchasing and distributing illegal narcotics. A law enforcement records check on 804-393-XXXX revealed that the owner of 804-393-XXXX is Austin MAYES. Also, during the proffer, your affiant showed the CW a photo of Austin MAYES, date of birth XX/XX/1998 and a Social Security of XXX-XX-6951 also listed as XXX-XX-6951. The CW stated that the photo before him/her is Austin MAYES, who is the CW's Source Of Supply (SOS) for crystal methamphetamine. Your affiant sent all above evidence to the DEA Mid-Atlantic Laboratory for analysis and all listed evidence was positive for their respective illegal narcotic.

9.      In August 2023, your affiant utilized a Norfolk Police Department (NPD) Confidential Source (CS) to conduct a recorded cellular telephone call to MAYES at 804-393-XXXX. During said recorded cellular telephone call, MAYES admitted being the SOS for the CW and supplying the CW with large amounts of crystal methamphetamine. MAYES also agreed to sell the CS one (1) pound of crystal methamphetamine for $2,500.00 in United States Currency at a later date and also front the CS one (1) pound of crystal methamphetamine on the same date.

10.      On August 30, 2023, members of the DEA Norfolk District Office (NDO) and the Norfolk Police Department (NPD) utilized a NPD Confidential Source (CS) to conduct a controlled purchase of one (1) pound and be fronted one (1) pound of crystal

methamphetamine. Prior to the controlled purchase, the CS contacted MAYES utilizing cellular telephone number 804-393-XXXX to request one (1) pound of crystal methamphetamine, as witnessed by your affiant. MAYES advised the CS to travel to Colonial Heights, Virginia to conduct the transaction. Your affiant and assisting member of the investigative team met with the CS at a pre-determined location. DEA/NDO members searched the CS' person and vehicle for contraband and or unreported currency, with negative results. The CS was given $2,500 in DEA/OAF. The CS was then equipped with a digital recording/monitoring device, which was activated prior to the CS department the staging location. DEA/NDO members briefed the CS as to safety concerns regarding this operation. Discussions via cellular telephone between the CS and MAYES revealed that the meeting/transaction location would be in the parking lot of the Marshalls retail store located at 11XX Temple Avenue, Colonial Heights, Virginia. The CS left the staging location and drove directly to the meeting/transaction location, followed by DEA/NDO members. Visual surveillance was maintained on the CS thought out the meeting/transaction. The CS parked in a parking space and waited for MAYES to arrive. Surveillance observed MAYES driving a black Nissan that's registered to MAYES and park next to the CS' vehicle. Surveillance observed MAYES exit his vehicle and get inside of the CS' vehicle. A few minutes later, surveillance observed MAYES exit the CS' vehicle and leave the area. The CS was then followed back to the pre-determined location, where the CS turned over approximately two (2) pounds of suspected crystal methamphetamine that the CS received from MAYES. The CS's vehicle and person were once again searched, locating no contraband or unreported cash. The suspected crystal methamphetamine was field tested yielding a positive result for the

5

presence of crystal methamphetamine. The approximately two (2) pounds of suspected methamphetamine was sent to the DEA lab for analysis.

Based on the above facts, I believe probable cause exists to charge Austin MAYES with possession with intent to distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A)(viii).

Task Force Officer Richard Stocks
Drug Enforcement Administration

Sworn and subscribed to before me this _6ᵗʰ_ day of September 2023

Honorable Lawrence R. Leonard
UNITED STATES MAGISTRATE JUDGE

6